**Robert L. ACREE et al.,**
**Plaintiffs-Appellants,**

v.

**COUNTY BOARD OF EDUCATION OF RICHMOND COUNTY, GEORGIA et al., Defendants-Appellees,**

**Ann Gunter Drummond et al., Intervenors.**

**No. 75-3617.**

United States Court of Appeals, Fifth Circuit.

May 27, 1976.

John H. Ruffin, Jr., Augusta, Ga., Jack Greenberg, Drew S. Days, III, James M. Nabrit, III, NAACP Legal Defense & Educational Fund, Inc., New York City, for plaintiffs-appellants.

Leonard O. Fletcher, Jr., Augusta, Ga., for defendants-appellees.

Before BROWN, Chief Judge, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Despite an unpromising earlier history,[1] the dismantling of the dual school system in Richmond County, Georgia, proceeds, and the public schools there appear at present to function in a generally constitutional manner under the continuing surveillance of the district court. The present appeal is from an order approving attendance changes proposed by the school authorities in order, it is said, to avoid overcrowding and to eliminate double sessions in certain school plants.

In the order appealed from, the district court specifically found

> that the proposed attendance changes are educationally sound and are feasible. They are required in order to avoid overcrowding in the elementary and secondary schools affected by the recommendations and to eliminate double sessions at Windsor Springs Road and Barton Chapel Road Elementary Schools.
>
> No discriminatory purpose or result is involved in the proposed changes and transfers. Neither in intent nor effect do the Board's proposals discriminate racially.

The above amounts to a finding of good faith and is not seriously disputed by appellants; indeed, the record appears to indicate that this was not an issue below.

The effect of the changes approved is not to alter significantly existing racial ratios in the schools in question, and these are, if not all that might be desired, tolerable at the present time. We have carefully considered appellants' complaints—relating to the rather high (62%) ratio of black students in one school and the selection of two receiving schools, rather than one preferred by appellants, for bussed students—and we are unable to conclude that the proposals approved by the court below are outside the appropriate range of its discretion or are not properly supported by reason and evidence. The other complaint refers to the scope and timing of hearings before that court, matters peculiarly within its discretion.

AFFIRMED.

---

1. Detailed in *Acree v. (Drummond) County Board of Education*, 336 F.Supp. 1275 (S.D.Ga. 1972).